IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEDRICK C. JOHNSON | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-20-3351 |
| JAMA ACUFF | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

Dedrick C. Johnson brings this habeas corpus Petition pursuant to 28 U.S.C. § 2254, challenging his 2012 probation revocation and resentencing stemming from his first-degree assault conviction in Baltimore County Circuit Court. ECF No. 1. The Petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Court denies the Petition as untimely filed and declines to issue a certificate of appealability.

**I. Background**

In April 2008, the Circuit Court for Baltimore County sentenced Johnson for first degree assault to twenty-five-years' incarceration, all suspended, and five years' probation. ECF No. 6-1 at 22-23. Johnson never appealed the conviction or sentence.

On January 6, 2009, Johnson was accused of violating his probation. *Id.* at 22; ECF No. 1-2 at 12-14. The Court issued a warrant for Johnson's arrest on the probation revocation petition, which was executed on September 20, 2011. *Id.* at 22. Shortly after, on October 24, 2011, Johnson filed his first post-conviction petition challenging the underlying conviction and sentence. *Id.* at

20; ECF No. 20-1 at 6, 10. It does not appear that the trial court ever ruled on Johnson's 2011 petition.

At a hearing on February 16, 2012, the Circuit Court revoked probation and resentenced Johnson to the full 25-year prison term. ECF No. 6-1 at 17-18. Shortly after, Johnson filed an application for leave to appeal the revocation sentence with the Appellate Court of Maryland.[1] *Id.* at 17. On June 20, 2013, the Appellate Court dismissed the application on Johnson's request. *Id.* at 15. Also, on February 29, 2012, Johnson requested that the Circuit Court modify his sentence, which the court denied March 6, 2012. *Id.* at 16.

Johnson next filed a state post-conviction application on April 1, 2014, indicating that the application was intended to "supplant" his 2011 petition. *Id.* at 15; ECF No. 20-1 at 14-29. On April 18, 2014, the Circuit Court granted the application regarding his request to file out of time a motion for sentence review before a three-judge panel, and otherwise denied all other claims. *Id.* at 10; ECF No. 20-1 at 84. Johnson sought leave to appeal the denial of his claims, which the Appellate Court of Maryland denied on January 6, 2016. *Id.* at 8; ECF No. 20-1 at 111-113 (mandate issuing February 5, 2016). Johnson's belated motion for review of sentence was also considered and denied on October 5, 2015. ECF No. 20-1 at 114-115.

At various other points, Johnson attempted to collaterally attack his twenty-five-year prison term. On June 27, 2016, he moved to modify his sentence, which the Circuit Court denied on July 1, 2016. ECF No. 6-1. at 8. On October 21, 2016, he moved to correct an "illegal sentence," and that motion was denied on November 23, 2016. *Id.* at 7-8. He applied for leave to appeal the

---

[1] At the time Johnson's case was litigated in the Maryland state courts, the Appellate Court of Maryland was named the "Court of Special Appeals" and the Supreme Court of Maryland was named the "Court of Appeals of Maryland." At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland and the Court of Special Appeals to the Appellate Court of Maryland. The name change took effect on December 14, 2022.

2

denial of this motion also of his motion to correct an illegal sentence on December 9, 2016, which was dismissed *sua sponte*. *Id.* at 7 (mandate issued May 18, 2017).

On July 3, 2017, Johnson filed a state petition for a writ of habeas corpus in the Circuit Court for Kent County. The matter was transferred to Baltimore County Circuit Court on December 13, 2017,[2] and that court denied the petition on January 27, 2018. *Id.* at 6. Johnson next sought leave to appeal the denial of his petition on February 23, 2018, which again was denied, and the mandate issued on July 26, 2018.

On June 4, 2018, Johnson filed a second petition for post-conviction relief in the Circuit Court for Baltimore County. ECF No. 20-1 at 119-124. The Circuit Court denied the petition on July 11, 2018. *Id.* at 140. Two years later, Johnson filed additional motions for reconsideration of his sentence on August 20, 2020, and November 16, 2020. These motions were also denied on September 15, 2020, and December 3, 2020, respectively. ECF No. 6-1 at 3.

On November 12, 2020, Johnson filed the pending Petition in this Court, fronting three specific challenges. Johnson argues that (1) the Kent County Circuit Court erred in transferring his 2017 state habeas petition to Baltimore County; (2) that the Baltimore County Circuit Court erred in failing to issue written reasons for denying his leave to appeal; and (3) and that he had been denied due process on the probation revocation because he never received a notice of rule violation. ECF No. 1-2 at 2-3; 6-7. Because the Petition is untimely, it must be dismissed without reaching the merits.

---

[2] https://casesearch.courts.state md.us/casesearch/inquiryDetail.jis?caseId=C14CV17000043&loc=52&detailLoc=ODYCIVIL.

**II. Analysis**

28 U.S.C. § 2244(d)(1) provides that a petition for writ of habeas corpus seeking relief from a state court judgment must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2), however, expressly excludes from that one-year calculation "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending."

Because Johnson's Petition challenges his probation revocation and sentence, the limitation period is measured from when the revocation decision became final on July 22, 2013,[3] which was the last day he could have sought leave to appeal that decision. *See Conaway v. State*, 464 Md. 505 (2019) (holding that in seeking review of revocation of probation, probationers are required to proceed by application for leave to appeal rather than by direct appeal); Md. Rule 8-204 (an application for leave to appeal is to be filed 30 days after entry of the judgment). Thus, the one-year period for filing this Petition began to run on July 22, 2013.

Although Johnson's seriatim challenges to the revocation and sentence do toll much of the time since 2013, the Petition is nonetheless untimely. This is because for two years between July 2018—when the Appellate Court of Maryland denied his leave to appeal the adverse ruling on his state habeas petition—and August 20, 2020—when he moved for reconsideration of his probation revocation sentence—no other motions were pending. Accordingly, because this time exceeds the one-year limitations period, the Petition must be dismissed as untimely.

Moreover, no grounds permit the Court to equitably toll this period. Equitable tolling may apply in "those rare instances where—due to circumstances external to the party's own conduct—

---

[3] July 20, 2013, fell on a Saturday.

it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that delay in filing the petition resulted from respondents' wrongful conduct or other extraordinary circumstances beyond petitioner's control. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where ... gross injustice would result" absent the Court's intervention. *Id.*

The Petition argues that defense counsel erred in dismissing his direct appeal of the probation revocation. ECF No. 1 at 5. But a garden variety averment of attorney neglect, absent extraordinary circumstances, does not justify equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Johnson also has had ample opportunity to demonstrate that limitations should be tolled; indeed the Court ordered Johnson to address Respondent's limitations argument and granted him four subsequent extensions of time to file this supplement. ECF Nos. 8, 11, 13, 15, 18. But Johnson never did so. Because Johnson has failed to demonstrate that equitable tolling is warranted, the Court must dismiss the Petition as untimely.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Johnson has not demonstrated that a certificate of appealability is warranted, and so the Court shall not issue it. Johnson may still request that the United States

Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV. Conclusion

For the foregoing reasons, Johnson's petition for a writ of habeas corpus is DENIED.  A separate Order follows.

| | |
|---|---|
| 5/5/23 | /S/ |
| _____ | _____ |
| Date | Paula Xinis |
| | United States District Judge |